**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARCUS BLALOCK, #420-813,** | : | Case No. 1:04 CV 2156 |
| Petitioner, | : | |
| | : | Judge Oliver |
| v. | : | Magistrate Judge Hemann |
| | : | |
| **JULIUS WILSON, Warden,** | : | (HABEAS CORPUS) |
| Respondent. | : | |

**RESPONDENT WILSON'S RESPONSE TO**
**PETITIONER'S MOTION TO ALTER AND AMEND (see Doc. 47)**

Now comes Respondent, in response to Petitioner's motion for new trial or to alter and amend judgment (Fed.R.Civ.P. 52 and 59), and respectfully moves this Honorable Court for an Order denying said motion. On June 30, 2006, this Court filed a well-reasoned memorandum of opinion and judgment entry concluding that the petition should be denied in its entirety; The opinion of this court adopted the Recommendation of the Magistrate Judge (see Doc. 25 & 40) as to all of the nine grounds, while adding its own additional reasons for denying grounds one, three, eight and nine. (Docs. 45 & 46). Petitioner, seeking to alter and amend the opinion of the court relative to grounds three, eight, and nine only, fails to demonstrate sufficient reasons to alter and amend the prior judgment of this Court.

In challenging the court's denial of ground three (ground three argued that petitioner was denied the right to present a defense when the trial court "refused to permit him to offer evidence

that Arketa Willis, the key witness against him, had previously admitted to the murder with which he was charged," see Doc. 45 at p.4), petitioner essentially restates his prior arguments to the court, but adds a citation to *Chia v. Cambra*, 360 F.3d 997 (9th Cir. 2004). In *Chia*, the Ninth Circuit, applying *Chambers v. Mississippi*, 410 U.S. 284 (1973), found that the out-of-court hearsay statements of a co-conspirator (William Wang) were reliable and relevant, and that the state court unreasonably applied *Chambers* in excluding the Wang statements from evidence. In the present case, the hearsay statements herein (the out-of-court statements of co-defendant Ernest McCauley), as found by this court, were not reliable due to the double hearsay nature of the statements in question. Thus, *Chia* is not analogous to the instant case. There is no reason to alter or amend the judgment of this court with respect to ground three.

In denying habeas relief for ground eight (ground eight argued that due process was violated by the state using inconsistent theories in the respective trial for Blalock and McCauley regarding who shot and killed the victim (Howard Rose), see Doc. 45 at p. 7, the argument being that at McCauley's trial the prosecutor argued that McCauley shot Rose, while at Blalock's trial it was argued that Arketa Willis shot Rose, see Doc. 40 at p. 39), the court adopted the recommendation of the magistrate judge that (a) questioned whether the prosecutor's theories were truly inconsistent and (b) petitioner had "not shown well-established federal law suggesting such an argument would be a due process violation." See Doc. 45 at p. 7. This court continued by distinguishing the cases relied upon by petitioner for the proposition of judicial estoppel in criminal proceedings by noting that they were civil, not criminal, cases. Id.

Now, in the instant motion to alter and amend, petitioner cites to *Smith v. Groose*, 205 F.3d 1045 (8th Cir. 2000), a criminal case, to show that a due process violation may exist where a prosecutor employs inconsistent, irreconcilable theories to secure convictions for different co-

2

defendants. The Sixth Circuit, noting *Groose*[1], held in *Stumpf v. Mitchell*, 367 F.3d 594, 611 (6th Cir. 2004), a case relied upon by petitioner in his proceedings before the magistrate judge, see Doc. 40 at p. 40, that "the use of inconsistent, irreconcilable theories to convict two defendants for the same crime is a due process violation." However, as noted by the magistrate judge in her second Report and Recommendation, see Doc. 40 at p. 40, *Stumpf* was overturned by *Bradshaw v. Stumpf*, 545 U.S. 175, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005). Since habeas relief may only be had where a state court adjudication is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, see 28 U.S.C. § 2254(d)(1), petitioner's reliance on circuit court decisions does not satisfy petitioner's burden in habeas. Such remains the case despite petitioner's reliance on the circuit court decisions of *Groose*, *Thompson* and *Drake*. Amendment of the judgment herein should be denied because petitioner offers no United States Supreme Court authority that would change the adopted recommendation of the magistrate judge or the court's judgment.

In seeking to amend the judgment herein based on the ninth ground, the actual innocence / denial of new trial ground, petitioner adds nothing new to that argument that has already been presented to this court, and found to be without merit. See Doc. 47 at pp. 6-7, Docs. 25 & 40, and Doc. 45 at p. 7-10.

The motion to alter and amend should be denied without benefit of an evidentiary hearing since the matter can be determined from the record.

---

[1] As well as the two other cases cited by petitioner in support of this ground in the instant motion, namely, *Thompson v. Calderon*, 120 F.3d 1045 (9th Cir. 1997), and *Drake v. Kemp*, 762 F.2d 1449 (11th Cir. 1985). See Doc. 47 at p. 5.

Respectfully submitted,

JIM PETRO (0022096)
Ohio Attorney General

s\Gregory T. Hartke
GREGORY T. HARTKE (0024781)
Assistant Attorney General
State Office Bldg., 11th Floor
615 West Superior Avenue
Cleveland, Ohio 44113-1899
ghartke@ag.state.oh.us
(216) 787-3030
(216) 787-3480 Fax

Attorney for Respondent

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Response to Motion for New Trial or to Alter and Amend Judgment* was filed electronically on July 11, 2006. A copy of same is available to opposing counsel via the court's notification of electronic filing.

s/Gregory T. Hartke
GREGORY T. HARTKE
Assistant Attorney General